RANDALL v. GROVER.

1. A juror shall not be permitted to impugn a verdict in which he has himself joined.

2. The court will not set aside a verdict, unless application is made within a reasonable time.

The plaintiff in this case had obtained a verdict at Nisi Prius in 1784, and the *postea* was returned to September, 1784. Owing to particular reasons, which it is unnecessary to detail, judgment had not been entered on the verdict, and now Wilcox, for plaintiff, took a rule on the defendant, to show cause why judgment should not be entered on the *postea*, as of September Term, 1784.

*Read* showed cause, and read the affidavit of one of the jurors, stating the evidence that had been produced on the trial, and the insufficiency of it, to justify the verdict; and, also, that Grover, at that time, was so obnoxious he durst not appear at the trial.

PER CURIAM. After a verdict given by a jury, none of the jurors can be permitted to come forward to say it was wrongfullly given ; nor should we, at this distance of time, set aside a verdict. (*a*) Let the judgment be entered.

Rule absolute.

(*a*) See 5 *Com. Dig.* 509, tit. "*Pleader*," R 17; *Rex* v. *Bell,* 2 *Str.* 995.

CITED *in Hutchison* ads. *Consumers' Coal Co.,* 7 *Vr.* 25.